IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEAZAR Z. GARCIA,<br><br>   Plaintiff,<br><br>   vs.<br><br>DAVID W. COOMBS, JR., in his individual capacity; and JACOB P. BETSWORTH, in his individual capacity,<br><br>   Defendants. | 4:22CV3019<br><br>**MEMORANDUM AND ORDER** |

On February 23, 2022, the court granted Plaintiff permission to proceed in forma pauperis and ordered the Plaintiff to pay an initial partial filing fee of $232.94 within 30 days pursuant to 28 U.S.C. § 1915(b)(1), which requires Plaintiff to pay an initial partial filing fee in the amount of 20 percent of *the greater of* Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. The court found the initial partial filing fee to be $232.94 based on an average monthly account balance of $1,164.73.[1] Plaintiff was warned that if he failed to pay his initial partial filing fee without an extension of time having been granted, "his case will be subject to dismissal." (Filing 9.)

In response to the court's Memorandum and Order, Plaintiff submitted various documents to the court attempting to show that the court erred in its initial-partial-filing-fee determination because Plaintiff makes less than $232.94 per month. (Filing 11.) Plaintiff then filed with the court $5.00 as his initial partial filing fee. (Docket Sheet Entry Dated April 4, 2022.) Plaintiff was advised that he must pay the

---

[1] This calculation was derived from the Nebraska Department of Correctional Services' certification of Plaintiff's monthly institutional account for the six-month period of August 2021 through January 2022. (Filing 8.)

remaining balance of his initial partial filing fee in the amount of $227.94 within 30 days, unless the court extends the time in which he has to pay in response to a written motion.

Instead of paying the $227.94 initial partial filing fee, Plaintiff has now filed yet another Motion to Proceed Without Prepayment of Fees, Costs, or Security (Filing 15) accompanied by a certified record of his institutional account transactions from October 2021 to March 2022. (Filing 16.)[2]

As previously explained to Plaintiff (Filing 14), 28 U.S.C. § 1915(b)(1) requires Plaintiff to pay an initial partial filing fee in the amount of 20 percent of *the greater of* Plaintiff's average monthly *account balance or* average monthly *deposits* for the *six months preceding the filing of the Complaint*. The six-month trust-account information filed with the court by the Nebraska Department of Correctional Services for the six months preceding the filing of the Complaint clearly shows that Plaintiff's average monthly account balance[3] exceeded the average monthly deposits made into his account, so that is the amount on which his initial partial filing fee must be based. Twenty percent of the average monthly account balance is $232.94, as previously ordered. After subtracting the $5.00 initial partial filing fee Plaintiff filed with the court, the amount still owed is $227.94 in order to proceed with this action. Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive any part of an in forma pauperis prisoner's filing fee.

---

[2] The certified record of Plaintiff's institutional account transactions originally filed with the court encompassed the six-month period of August 2021 to January 2022. (Filing 8.)

[3] Plaintiff's account balance was $1,710.53 as of 8/31/21; $1,555.54 as of 9/30/21; $1,243.04 as of 10/31/21; $968.21 as of 11/30/21; $933.73 as of 12/31/21; and $577.35 as of 1/31/22. Deposits to Plaintiff's account during the same time period were $143.13; $258.87; $120.69; $94.57; $419.34; and $124.36. (Filing 8 at CM/ECF pp. 2-7.)

2

Because the calculation mandated by 28 U.S.C. § 1915(b)(1) is based on "the 6-month period immediately preceding the filing of the complaint," Plaintiff cannot simply submit a record of his most recent institutional account transactions (Filing 16) in order to avoid paying the amount the court initially calculated. Plaintiff is advised that no further motions for leave to proceed in forma pauperis will be tolerated, as he has been given leave to do so, and the amount of his initial partial filing fee has been correctly calculated. If Plaintiff would rather not proceed with this case at this time, he may certainly move to dismiss this matter without prejudice and file the case again at a later time.

IT IS ORDERED:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing 15) is denied as moot. Plaintiff has already been granted leave to proceed in forma pauperis.

2. Plaintiff must pay the remaining balance of his initial partial filing fee in the amount of $227.94 within 30 days, unless the court extends the time in which he has to pay in response to a written motion. If Plaintiff fails to pay his initial partial filing fee without an extension of time having been granted, his case will be subject to dismissal without further notice.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2) and forward those payments to the court.

4. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5.     The clerk's office is directed to set a pro se case management deadline in this case using the following text: **May 27, 2022**—payment of initial partial filing fee due.

6.     Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

DATED this 27th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge