IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEAZAR Z. GARCIA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID W. COOMBS, JR., in his individual capacity; and JACOB P. BETSWORTH, in his individual capacity,<br><br>    Defendants. | 4:22CV3019<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff is an inmate at the Nebraska State Penitentiary. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 9), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

  This is Plaintiff's third attempt[1] to recover money damages for an incident that occurred in Underwood, Iowa, on September 30, 2017, in which Defendant U.S.

---

[1] *See Garcia v. Sarpy County*, No. 4:20CV3030 (D. Neb.) (dismissed without prejudice for failure to prosecute and comply with court's orders); *Garcia v. Davis*, No. 4:20CV3049 (D. Neb.) (granting summary judgment in favor of Sarpy County Sheriff Jeff Davis in individual capacity on 42 U.S.C. § 1983 claim alleging deliberate indifference to serious medical needs and dismissing case with prejudice; granting Fed. R. Civ. P. 12(b)(6) motion with prejudice as to section 1983 excessive-force claims against Defendants Coombs and Betsworth because such claims were barred by the statute of limitations).

Marshals David Coombs and Jacob Betsworth, as well as other law-enforcement officers, "converged, and clipped the . . . plaintiff's ankle" and "took him to the ground" in the course of apprehending him, resulting in permanent injury to Plaintiff's left elbow and arm. This time, Plaintiff purports to sue Coombs and Betsworth under 28 U.S.C. § 1350. (Filing 1 at CM/ECF p. 3.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard

than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The statute pursuant to which Plaintiff brings this action provides: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350 (Westlaw 2022). Known as the Alien Tort Statute ("ATS"), this provision "provides district courts with jurisdiction to hear certain claims, but does not expressly provide any causes of action." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 115 (2013). The ATS is "strictly jurisdictional. It does not directly regulate conduct or afford relief. It instead allows federal courts to recognize certain causes of action based on sufficiently definite norms of international law." *Id*. at 116 (internal quotation marks and citation omitted). The civil actions over which the ATS gives district courts jurisdiction are those "filed by aliens." *Nestle USA, Inc. v. Doe*, 141 S. Ct. 1931, 1935 (2021). "If, for example, a treaty adopted by the United States creates a tort-related duty, federal district courts have jurisdiction to hear claims by aliens for breach of that duty." *Id*. at 1937.

As used in the ATS, "law of nations" means "customary international law." *Velez v. Sanchez*, 693 F.3d 308, 316, 319 (2d Cir. 2012) (plaintiff must demonstrate violation of "law of nations" by proving violation of international law norms that "(1) are norms of international character that nations abide by out of a sense of legal obligation; (2) are defined with a specificity comparable to the 18th-century paradigms discussed in *Sosa*; and (3) are of mutual concern to nations" (internal quotation marks and citations omitted)).

Here, Plaintiff fails to allege that (1) he is an alien, and (2) that the torts allegedly committed by the Defendants violated customary international law or a United States treaty. The tort claims suggested by Plaintiff's allegations (battery and intentional infliction of emotional distress under state law) do not constitute

3

violations of the "law of nations" within the meaning of the ATS. *Al-Aulaqi v. Obama*, 727 F. Supp. 2d 1, 37 (D.D.C. 2010) (state-law tort claims for assault and intentional infliction of emotional distress do not rise to the level of international torts that are sufficiently definite and accepted among civilized nations to qualify for ATS jurisdictional grant). Thus, this court does not have 28 U.S.C. § 1350 jurisdiction over any claims raised by Plaintiff.[2]

This case will be dismissed without prejudice for lack of subject-matter jurisdiction, and leave to amend will not be granted based on futility. *Kahn v. Kahn*, 21 F.3d 859, 862 (8th Cir. 1994) (dismissal for lack of subject-matter jurisdiction should be without prejudice because court did not express opinion as to merits of claims or whether claims could be brought in state court). Accordingly,

IT IS ORDERED:

1.    Plaintiff's Motion for Summons (Filing 4) is denied as moot.

2.    Plaintiff's Motion for Leave, Direct Clerk of District Court for Publication (Filing 19) is denied as moot.

3.    This case is dismissed without prejudice for lack of subject-matter jurisdiction.

---

[2] To the extent Plaintiff's Complaint can be construed as alleging claims under the Federal Tort Claims Act ("FTCA"), Plaintiff has not alleged that he exhausted his administrative remedies as required under the FTCA before filing his Complaint, and exhaustion is a jurisdictional prerequisite to filing a suit for recovery under the FTCA. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996); *see also McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."; holding that despite the liberal construction afforded to pro se pleadings, the prisoner's complaint seeking FTCA recovery was properly dismissed for failure to exhaust administrative remedies before filing suit).

4.  Judgment will be entered by separate document.

DATED this 9th day of September, 2022.

> BY THE COURT:
>
> *Richard G. Kopf*
>
> Richard G. Kopf
> Senior United States District Judge