IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEAZAR Z. GARCIA,<br><br>        Plaintiff,<br><br>   vs.<br><br>DAVID W. COOMBS JR., in his individual capacity; and JACOB P. BETSWORTH, in his individual capacity;<br><br>        Defendants. | 4:22CV3019<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on Plaintiff's Objection (filing 32) to the court's October 18, 2022 Memorandum and Order (filing 28) granting Plaintiff leave to proceed in forma pauperis ("IFP") on appeal and the court's Order (filing 29) denying Plaintiff's request for the appointment of counsel. For the reasons that follow, Plaintiff's Objection is denied and his duplicate Objection (filing 33) is denied as moot.

## Objection to Calculation of Initial Partial Filing Fee

      Plaintiff asks the court to modify its October 18, 2022 Memorandum and Order (filing 28) granting Plaintiff leave to appeal IFP and directing him to pay an initial partial filing fee of $53.12. Plaintiff contends that the court should not have included support monies he receives from his sister in calculating his initial partial filing fee as such amounts are "not an allowance, or payment, or otherwise that can be computed as a general income, for which this court can make a reasonable assessment." (Filing 32 at CM/ECF p. 1.)

The method for collecting the filing fee from a prisoner is specifically provided for by the Prison Litigation Reform Act ("PLRA") in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive any part of an in forma pauperis prisoner's filing fee. Moreover, nothing in the statutory language of section 1915(b) indicates that monetary gifts a prisoner receives from outside sources should be excluded in calculating a prisoner's "deposits," "income," or "amount in the account." *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 954 (D. Neb. 2001) (noting court's definition of "deposit" to mean "all gifts, wages, or other income credited to [prisoner] plaintiff's account, with the exception of credits for institutional activities or canteen refunds, less court-ordered child support, restitution, or other funds subject to a court order or judgment"); *Losee v. Maschner*, 113 F. Supp. 2d 1343, 1346 n.1 (S.D. Iowa 1998) (including idle pay and gift in calculating prisoner's monthly income for purposes of collecting the filing fee under § 1915(b)(2)) (citing *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir.1998) (defining "income" under § 1915(b) as all deposits to an inmate's account including gifts from family members)). Rather, income under section 1915(b) includes "all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise." *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003).

Accordingly, Plaintiff's contention that monetary support he receives from family should be excluded as income for purposes of calculating his payments under the PLRA is without merit. Therefore, Plaintiff's Objection will be denied, and Plaintiff is required to pay his initial partial filing fee of $53.12. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to pay his initial partial appellate filing fee.

**Renewed Request for Appointment of Counsel**

Plaintiff also asks the court to reconsider its October 18, 2022 Order (filing 29) denying Plaintiff's request for the appointment of counsel on appeal. Plaintiff

states he needs counsel in order to submit his initial brief to the Eighth Circuit Court of Appeals and address the complex issues raised in this matter. (Filing 32 at CM/ECF p. 2.)

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. However, the court will deny Plaintiff's request for the appointment of counsel without prejudice, and Plaintiff may request appointment of counsel from the Eighth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that:

1. Petitioner's Objection (filing 32) to the court's calculation of his initial partial filing fee is denied. Plaintiff shall pay an initial partial appellate filing fee of $53.12 within 30 days from the date of this Memorandum and Order.

2. Petitioner's renewed request for the appointment of counsel (filing 32) is denied without prejudice to reassertion before the Eighth Circuit Court of Appeals.

3. Petitioner's duplicate Objection (filing 33) is denied as moot.

    4.    The clerk's office is directed to transmit a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

    5.    The clerk's office is directed to set a pro se case management deadline using the following text: **December 30, 2022**: initial partial appellate filing fee due.

Dated this 30th day of November, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf<br>
Senior United States District Judge